City of Chicago, Defendant in Error, v. Harriet A. Hook, Plaintiff in Error.

Gen. No. 14,653.

BREACH OF PEACE—*what does not constitute.* A person who upon a peaceful errand enters the house of another with the consent of an occupant thereof, conducts herself quietly and seeks to leave when she finds her presence objectionable, is not, even though partially disguised, guilty of a breach of the peace or of any offense which justifies her arrest.

Error to the Municipal Court of Chicago; the Hon. OSCAR M. TORRISON, Judge, presiding. Heard in this court at the October term, 1909. Reversed and defendant discharged. Opinion filed November 9, 1909.

A. HUMPHREY, for plaintiff in error.

GEORGE H. WHITE, for defendant in error; HENRY M. SELIGMAN, of counsel.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

On the sworn complaint of Ben M. Giroux that Harriet A. Hook on March 12, 1908, at Chicago, did make, aid, countenance and assist in making an improper noise, riot, disturbance, breach of the peace and diversion tending to a breach of the peace, in violation of section 1454 of the Revised Municipal Code, a warrant was issued and she was arrested and in due course tried before a judge of the Municipal Court after waiving her constitutional right of trial by jury, found guilty and fined $10, together with the costs of the prosecution. From the judgment so rendered this review of the record is sought and a reversal of the judgment and the discharge of defendant asked.

It appears from the evidence that defendant had some interest or curiosity about the physical condition of a son of the complaining witness. Defendant was personally known to both complaining witness and his wife. They did not regard defendant with favor; why is immaterial. This attitude of the boy's parents was evidently known to, or at least suspected by, defendant. To satisfy her interest or curiosity, whichever impulse dominated at the time, she proceeded to the Giroux residence and, suspecting that when recognized she would not be admitted, she attempted to disguise herself by donning a black wig. On arriving at the residence she rang the bell, in response to which the door was opened by Charles Renaud, whom she asked

if Mrs. Giroux was at home, saying that she was a newspaper reporter. This was about 6:30 in the evening. Defendant entered the house and awaited the return of Mr. and Mrs. Giroux. Mrs. Giroux arrived home at about 7:30 and her husband half an hour later in response to his wife's summons by telephone. There is no evidence of any act or conduct on the part of defendant, either before or after the arrival of Mrs. Giroux and her husband to which any exception could be justly taken. She made no disturbance and used no language calculated to incite any sane person to a breach of the peace. From the first moment she discovered that her presence inflamed the temper of Mrs. Giroux she tried quietly to leave the house. Both Mr. and Mrs. Giroux acted with unseemly and unwarranted violence toward defendant, and against her will and protest detained her in the house and restrained her, unlawfully, of her liberty for upwards of three hours, when Giroux caused her to be arrested outside of the house by a policeman, for whom he had telephoned while detaining defendant in the house. All the witnesses, both for the prosecution and defense, testify to the quiet conduct of defendant while in the Giroux house, and both Mr. and Mrs. Giroux admit that they were excited, talked loud and threatened defendant and detained her contrary to her will and against her protest. So violent were the actions of Mr. Giroux that he admits some men present told him to keep quiet. So unwarranted was the arrest of defendant that Mrs. Giroux, amid all her excitement and feeling of antagonism toward defendant, objected to the arrest of defendant and pleaded with her husband not to proceed to such an extremity.

Aside from legal technicality and the juggling with definitions as to what is "a diversion tending to a breach of the peace," it is plain on the evidence for the prosecution that defendant has been more sinned against than sinning in this particular case. It was indiscreet for her to take the chances of exciting the

Girouxs by going to their house at all, much less wearing a black wig, which plainly was not a disguise, for Mrs. Giroux exclaimed upon sight of her, "You are Doctor Harriet A. Hook with a black wig on." Yet she went on a peaceful errand and conducted herself with propriety and decorum, and immediately on discovering that her presence was objectionable to Mrs. Giroux attempted to withdraw from Mrs. Giroux's house and presence. Nothing in the conduct of defendant justified the treatment to which she was subjected on that occasion. Even had defendant suspected that her presence might tend to excite the Girouxs, still she was not for that reason alone guilty of a crime when her conduct in other respects was unobjectionable, coupled with her immediate attempt to peaceably withdraw. Certainly there was no provocation for forcibly detaining defendant against her will until eleven o'clock at night and then delivering her into the custody of a police officer upon the street, following her release from such forced detention.

When applied to the facts of this case there is neither by legal interpretation nor the construction of lexicographers anything from which can be imputed to defendant a violation of section 1454, *supra*. Defendant did nothing which would tend to a breach of the peace by ordinarily intelligent, fairly well balanced persons. This is clearly the situation, especially in view of the admitted fact that defendant was quiet, orderly and peaceable, and voluntarily and at once not only offered but attempted to peaceably withdraw from the Giroux home. There was no occasion for loud, excited talk, the calling of the police, or the detention of defendant. When a person is willing to go at once from the house or presence of another, voluntarily, there is no principle of law which permits of violence or arrest where the presence of such person is guileless of felonious intent.

The judgment of the Municipal Court does violence to justice and right, and is reversed, and the plaintiff in error, Harriet A. Hook, is discharged.

*Reversed and defendant discharged.*